Alfred R. PIASIO, Petitioner,

v.

COMMODITY FUTURES TRADING COMMISSION, Respondent.

Docket No. 02–4032.

United States Court of Appeals, Second Circuit.

Dec. 31, 2002.

Gary D. Stumpp, Esq., Stumpp & Bond, LLP (Adam M. Bond, of counsel), New York, NY, for Petitioner.

William S. Liebman, Esq., Commodity Futures Trading Commission, Office of the General Counsel (Patrick J. McCarty, Kirk Manhardt, of counsel), Washington, D.C., for Respondent.

Present NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED, and the Opinion and

Order of January 23, 2002 be, and it hereby is, AFFIRMED.

The Commodity Futures Trading Commission ("CFTC") filed a complaint against Piasio, a commodity futures broker, alleging that in 1992 and 1993 he had offered to enter into three "wash sales," and entered into or confirmed the execution of eight other wash sales in violation of 7 U.S.C. § 6c(a)(A). Following a trial before Administrative Law Judge Painter (the "ALJ"), Piasio was found not to have violated § 6c(a)(A) on the grounds that the transactions at issue were not actually wash sales and that the transactions did not constitute offers by Piasio to enter into wash sales. *In re Piasio*, [1998–1999 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 27,714, 1999 CFTC LEXIS 170 (ALJ July 21, 1999).

On appeal, the CFTC reversed. It concluded that the transactions at issue were wash sales or offers by Piasio to enter into wash sales. Upon review of the ALJ's hearing record, the CFTC further found that Piasio was aware that they were wash sales when he offered to enter into them and when he did enter into them. The CFTC imposed tentative civil penalties including $40,000 in fines and a cease-and-desist order, and remanded to the ALJ to develop a record concerning Piasio's ability to pay the fines. *In re Piasio*, [1999–2000 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 28,276, 2000 CFTC LEXIS 216 (CFTC Sept. 29, 2000).

On remand, the ALJ found that Painter could afford to pay the fines. *In re Piasio*, Comm. Fut. L. Rep. (CCH) ¶ 28,540, 2001 CFTC LEXIS 64 (CFTC May 9, 2001). The CFTC affirmed and imposed the penalties. *In re Piasio*, No. 97–9, 2002 CFTC LEXIS 13 (CFTC Jan. 23, 2002).

The CFTC's liability findings are conclusive if supported by the weight-or preponderance-of the evidence," *Reddy v. CFTC*, 191 F.3d 109, 117 (2d Cir.1999), but, in reviewing these liability findings, this Court examines the record and determines only whether the CFTC was "justified, *i.e.*, acted reasonably in concluding that the evidence ... supported [its] findings," *id.* at 117 (quoting *Haltmier v. CFTC*, 554 F.2d 556, 560 (2d Cir.1977)).

Piasio petitioned for review in this Court asserting, *inter alia*, that under CFTC precedent the transactions at issue were not wash sales; that the CFTC's September 20, 2000, Opinion and Order was not based on substantial evidence in that it disregarded the ALJ's finding of no liability; and that the sanctions imposed on him were unwarranted.

■ Upon review of the entire record, we conclude that the CFTC was justified in reaching its own conclusions of fact. The CFTC has the authority to review an ALJ decision *de novo* under both the Administrative Procedure Act, *see* 5 U.S.C. § 557(b), and its own regulations, *see* 17 C.F.R. § 10.104(b). When an agency overturns an ALJ's credibility determinations, "the substantiality of the evidence to support inconsistent findings ... is more open to question than it otherwise might be," but "no special deference need be given to an Administrative Law Judge's inferences and conclusions that do not hinge upon findings of credibility." *Local 259, United Auto., Aerospace and Agric. Implement Workers v. NLRB*, 776 F.2d 23, 27 (2d Cir.1985). Upon review of the record, we agree with the CFTC that "the ALJ did not specifically evaluate the credibility of the testimony offered by any of the witnesses" and instead based his conclusions on his interpretation of the applicable legal standard. *In re Piasio*, [1999–2000 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 28,276, 2000 CFTC LEXIS 216 at *23–*24 (CFTC Sept. 29, 2000).

We further conclude that the CFTC reasonably determined that Piasio entered into eight wash sale transactions and offered to enter into three others in violation of 7 U.S.C. § 6c(a)(A). Under the CFTC's precedent, a wash sale is one in which market risk is reduced "to a level that has no practical impact on the transaction at issue," *In re Gimbel,* [1987–1990 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 24,213, 1988 CFTC LEXIS 204 at *5 n. 7 (CFTC Apr. 14, 1988), and in which the customer has "the intent not to make a genuine, bona fide trading transaction," *In re Goldwurm,* 7 Agric. Dec. 265, 274 (CEA 1948). We defer to that definition.

Although the customer experienced a small loss on the transactions, the CFTC was justified in finding that the customer did not intend to have any position in the market, but rather intended for each transaction to take place simultaneously with an inverse transaction, avoiding any market risk and enabling it to shift profits from a later accounting period to an earlier one. Because the transactions were requested simultaneously, and because they were accompanied by an order limiting the loss to at or slightly above the minimum price fluctuation permitted by the market, the CFTC was justified in finding that they would necessarily be executed or attempted to be executed as wash sales, and that Piasio knew that they would be executed or attempted to be executed as wash sales. The customer's loss was not the result of market risk it acquired, but was, in essence, a payment enabling it to acquire what would otherwise have been an interest-free transfer of money from a later date to an earlier one.

Under abuse of discretion review, agency sanctions will not be overturned unless they are "palpably disproportionate to the violation." *Reddy,* 191 F.3d at 123–24. $40,000 in penalties and a cease and desist order are not, in our view, "palpably disproportionate" to the scope of Piasio's wrongdoing. The health concerns raised by Piasio as a mitigating factor were considered by the CFTC and it was within its discretion to reject them.

For the foregoing reasons, the petition for review of the Commodity Futures Trading Commission Order is hereby DENIED, and the Order is hereby AFFIRMED.